MORRIS YESTON, PLAINTIFF-RESPONDENT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted October 5, 1937—Decided March 7, 1938.

Before Justices CASE and DONGES.

For the appellant, *Collins & Corbin, Edward A. Markley* and *James B. Emory.*

For the respondent, *Nathan Baker.*

PER CURIAM.

This is an appeal from a judgment of the Hoboken District Court in favor of the plaintiff and against the defendant. The action was to recover for personal injuries sustained in a fall on a stairway in the Journal Square station of the defendant in Jersey City, the allegation being that a piece of the metal nosing on a step was broken and protruded above the level of the step, causing plaintiff to fall.

The trial court submitted the questions of negligence and contributory negligence to the jury, which found for plaintiff. Subsequently a rule to show cause was allowed why the verdict should not be set aside as against the weight of the evidence both on the question of negligence and the question of contributory negligence. The trial judge considered and

determined the rule by discharging it. The first ground of appeal urged here is that this action constituted an abuse of discretion and the judgment should, therefore, be reversed. The claim is made that this action is reviewable where abuse of discretion appears, but even if this be so, we are unable to perceive any such abuse in the action complained of. Close questions of fact were presented on the issues of negligence and contributory negligence. Both the jury and the trial judge heard the witnesses and observed their demeanor on the witness stand. Nothing appears which persuades us that there was an abuse of discretion in the action of the trial judge in declining to disturb the jury's verdict.

There had been a previous trial of plaintiff's cause of action which resulted in a nonsuit. Defendant claimed that plaintiff changed his testimony at the second trial, and plaintiff denied doing so. On cross-examination defendant's attorney closely questioned plaintiff as to alleged discrepancies in his evidence and finally asked "so that you are changing your story now because you were nonsuited before?" Objection was made, but before ruling plaintiff answered "why should I change my story?" The question was then overruled and the jury instructed to disregard the answer. This action is the subject of the other ground of appeal. The question might be deemed objectionable because it was argumentative, but in any case we are unable to see that there was any harm to the defendant in the exclusion of it. The plaintiff denied that he had changed his story, and the answer he gave, which was taken from the jury's consideration, was in effect a further denial that he had changed his testimony. We are unable to see how the defendant was harmed by being deprived of such an answer as this.

No harmful error appearing, the judgment is affirmed, with costs.